Argued and submitted December 16, 1999, affirmed February 9, 2000

## Mary A. CAMERON,
*Appellant,*

*v.*

## Larry D. HARSHBARGER
## and Rosella Harshbarger,
## husband and wife,
*Respondents.*

(9504881CV; CA A102890)

998 P2d 221

Bradford J. Aspell argued the cause for appellant. With him on the brief was Aspell, Della-Rose & Richard.

Donald R. Crane argued the cause and filed the brief for respondents.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

**DE MUNIZ, P. J.**

Plaintiff sued defendants, alleging fraudulent and negligent misrepresentation in statements contained in a property disclosure statement made by defendants in the course of a sale of property to plaintiff. The trial court granted defendants' ORCP 21 A(8) motion to strike the claim of negligent misrepresentation for failure to state a claim. The fraudulent misrepresentation claim was tried to a jury, which returned a verdict for defendants. On appeal, plaintiff asserts that the trial court erred in striking her claim for negligent misrepresentation. We affirm.

In the course of selling a piece of residential property to plaintiff, defendants provided plaintiff with a "real property disclosure statement" of the type described in ORS 105.465(2), in which defendants indicated that they were not aware of any boundary disputes, easements, or rights of way affecting the property. Shortly after the sale, plaintiff discovered that improvements on the property encroached on a public road right of way. Plaintiff then initiated this action against defendants.

■ The trial court struck plaintiff's claim for negligent misrepresentation on the ground that sellers owe no duty to exercise reasonable care in the communication of factual information to purchasers in an arm's-length business transaction, under the rule of law announced in *Onita Pacific Corp. v. Trustees of Bronson*, 315 Or 149, 843 P2d 890 (1992). Plaintiff asserts that the trial court erred because, under *Onita*, a plaintiff may state a claim for negligent misrepresentation under the circumstances if a special relationship exists that gives rise to a duty of care. Plaintiff contends that, by making a voluntary disclosure pursuant to ORS 105.465(2), defendants entered into a special relationship with her that gave rise to a duty to exercise reasonable care in the communication of factual information in the disclosure statement. Plaintiff does not dispute that, as a general matter, under *Onita*, a special relationship must exist to give rise to liability for negligent misrepresentation in an arm's-length sales transaction.

■ We do not agree that a voluntary disclosure statement made pursuant to ORS 105.465(2) can create a special relationship between the parties that otherwise would not exist. ORS 105.490 provides: "ORS 105.465 * * * shall not directly, indirectly or by implication limit or alter any pre-existing common-law or statutory right or remedy including actions for fraud, negligence, or equitable relief." Were we to accept plaintiff's proposition that the issuance of a voluntary disclosure statement under ORS 105.465(2) gave rise to a special relationship that otherwise would not have existed, that would have the effect of declaring that ORS 105.465 directly alters a preexisting common-law right or remedy in an action for negligence. That would be contrary to the explicit provision of ORS 105.490. The trial court correctly determined that ORS 105.465 cannot be interpreted to alter the common law as stated in *Onita*.

Affirmed.